IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID J. BUCHANAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-727-SLR |
| | ) |
| JOSEPH R. BIDEN, III, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 6th day of December, 2010, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motion for preliminary injunction and motion for expedited proceedings (D.I. 4, 5) are **denied** as moot, and the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff David J. Buchanan ("plaintiff"), a prisoner incarcerated at the Sussex Correctional Institutional, Georgetown, Delaware, filed this complaint pursuant to 42 U.S.C. § 1983.[1] He proceeds pro se and has been granted leave to proceed without prepayment of fees.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening

initiated and maintained maliciously[7]; he was unlawfully and falsely arrested; he was wrongfully imprisoned; his property was searched without a warrant or current court order; certain defendants harassed him with surveillance, an unwarranted wire tap, and invasion of privacy; false declarations were presented to the court which resulted in his indictment, arrest, high bail, and denial and loss of property and liberty rights;[8] there were improper investigations; unlawful recorded conversations and records of his purchases were presented as evidence against him to gain an indictment and later presented during the criminal proceedings; the prosecuting attorney failed to dismiss the charges against him, withheld information, and caused his conviction and lengthy incarceration (D.I. 2 at 15-22, 24-27, 31, 43-44)

8. To the extent plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The court takes judicial notice that on September 27, 2010, this court denied an application for habeas relief

---

[7]Plaintiff raised unlawful or false arrest and malicious prosecution claims in *Buchanan v. Wallace*, Civ No. 208C-08-006 THG (Del. Super. Dec. 29, 2009). The court held there was no factual basis to assert a claim of unlawful or false arrest. It further held that, because plaintiff was convicted on charges from each of his arrests and none of the proceedings terminated in his favor, he could not establish a claim for malicious prosecution.

[8]Plaintiff sought, and was denied, "the return or value of all real and personal property which he claim[ed] were taken by his former wife and her present husband, in conjunction with the State Police. [Plaintiff] claim[ed] this property include[s] firearm collection, computers, phones, documents, livestock, real estate deeds, land use leases, electronic stored material, house contents, food, vehicles, seed grain, grain contracts, business plans, checks, tools, machinery farm chemicals, fuel and personal property" in *Buchanan v. State*, ID Nos. 0801031784, 0803017116, 2010 WL 1529608 (Del. Super. Apr. 16, 2010), *aff'd*, 998 A.2d 850, 2010 WL 2680539 (Del. July 7, 2010) (table decision.)

filed by plaintiff pursuant to 28 U.S.C. § 2254. *See Buchanan v. Johnson*, Civ. No. 08-639-SLR (D. Del. Sept. 27, 2010). A motion for reargument is pending.

9. Plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (citing *Heck*, 512 U.S. at 486-87.) The cause of action accrues at the time the imprisonment is invalidated. *Gibson v. Superintendent of N.J. Dep't of Law and Public Safety Div.*, 411 F.3d 427, 435 (3d Cir. 2005); *see also Wallace*, 549 U.S. at 388 (cause of action accrues when plaintiff is able to "file suit and obtain relief.").

10. Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. Moreover, his claims attacking the actions of government officials taking during the investigation, plaintiff's, arrest, indictment, and conviction present the type of claims addressed in *Heck*; that is, a finding that plaintiff's conviction was procured by unconstitutional means would necessarily imply the invalidity of his conviction. Plaintiff appears to allege that, but for actions of the state defendants, he would not have been found guilty.

11. To the extent plaintiff seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S.

at 326. Accordingly, the claims against Attorney General of the State of Delaware Joseph R. Biden, III ("Biden"), Delaware State Police Corporal William Wallace ("Wallace")[9], Delaware State Police Captain Nolt ("Nolt"), Delaware State Police Lt. Mark Rust ("Rust"), Delaware State Police Officer Hudson Keller ("Keller"), Delaware State Police Officer Brian Conlin ("Conlin"), Delaware State Police Officer Randy Ramerez ("Ramerez"), Delaware State Police Officer Laurence D. Corrigan ("Corrigan"), Delaware State Police Officer Joseph A. Gallagher ("Gallagher"), Chief of Military Police David J. Richards ("D. Richards")[10], Delaware State Police Officer David Lawson ("Lawson"), and Delaware Deputy Attorney General David Hume ("Hume")[11] are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

12. **State Actors.** To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535

---

[9]Plaintiff filed suit against Wallace, David J. Richards ("D. Richards"), the current spouse of plaintiff's former spouse, and Barbara H. Richards ("B. Richards"), plaintiff's former spouse, in *Buchanan v. Wallace*, C.A. No. 208C-08-006 THG (Del. Super. Dec. 29, 2009). Plaintiff alleged violations of his rights under the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. §§ 1983 and 1985. The complaint was dismissed as a malicious proceeding and, in the alternative, for failure to state a claim upon which relief could be granted. See also n.5, *supra*.

[10]D. Richards is the chief of military police at the Pentagon, an apparent federal position. Plaintiff alleges that D. Richards worked with Delaware state officials relative to the arrest, search, and seizure of which he complains.

[11]Hume is a Delaware deputy attorney general and is entitled to prosecutorial immunity for actions "intimately associated with the judicial phases of litigation." See *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008).

(1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. It is clear from the complaint's allegations that defendants B. Richards, private attorney Glynis Gibson ("Gibson"), private attorney Stephen P. Ellis ("S. Ellis"), private attorney Brian Ellis ("B. Ellis"), public defender Dean Johnson ("Johnson")[12], appellate public defender Nicole Walker ("Walker"), private attorney Thomas E. Gay ("Gay")[13], and realtor Tommy Cooper ("Cooper") are private individuals who allegedly took actions of which plaintiff complains, but they are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004). Thus, the § 1983 claims against them cannot stand.

13. The § 1983 claims against B. Richards, Gibson, S. Ellis, B. Ellis, Johnson, Walker, Gay, and Cooper have no arguable basis in law or in fact and, therefore, are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

14. **Statute of Limitations**. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10

---

[12]Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981).

[13]Plaintiff filed suit against Gay in *Buchanan v. Gay*, 491 F. Supp. 2d 483 (D. Del. 2007); *Buchanan v. Gay*, Civ. No. 08M-02-012RFS, 2008 WL 902936 (Del. Super. Mar. 10, 2008); and in *Buchanan v. Gay*, Civ. No. 06C-01-002, 2006 WL 2709401 (Del. Super. (Sept. 21, 2006), *afff'd*, 929 A.2d 783, 2007 WL 1454884 (Del. May 17, 2007). He was unsuccessful in his litigious efforts.

Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

15. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." *Smith v. Delaware County Court*, 260 F. App'x 454 (3d Cir. 2008) (not published); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 2006) (not published).

16. The complaint alleges actions taken by defendants Biden, Wallace, Nolt, Rust[14], Keller, Conlin, Ramerez, Delaware State Police Corporal Baker ("Baker"), Corrigan, Gallagher, D. Richards, B. Richards, David Lawson ("Lawson"), Family Court Clerk Jill Malloy ("Malloy")[15], Delaware Deputy Attorney General Stephanie J. Ballard

---

[14]The complaint refers, generally, to actions taken by Rust between mid-2007 and late 2008. (D.I. 2 at 19) The specific dates include January 4, 2008, January 26, 2008, and January 29, 2008.

[15]Plaintiff alleges that Malloy, a Family Court clerk, unlawfully signed transfers of deeds to displace him from his property, without receiving payment of funds to secure the sale, without an order from Family Court to allow the release of funds held in escrow, and without any accounting of the funds. (D.I. 2 at 31) No specific date is

("Ballard"), Hume[16], Gay, and Cooper as occurring from mid-2003 to July 25, 2008. The complaint was filed on August 23, 2010.[17] Hence, it is evident from the face of the complaint that plaintiff's claims against the foregoing defendants are time-barred. Therefore, the court will dismiss the claims against Biden, Wallace, Nolt, Rust, Keller, Conlin, Ramerez, Baker, Corrigan, Gallagher, D. Richards, B. Richards, Lawson, Malloy, Ballard, Johnson Hume, Gay, and Cooper as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

17. **Eleventh Amendment.** Named as a defendant is the State of Delaware. Plaintiff's claim against the State of Delaware is barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own

---

given, but other allegations in the complaint indicates that the deeds were signed on July 25, 2008. (*Id.* at 35) Plaintiff appealed a July 9, 2008 order of the Family Court authorizing the Clerk of the Family Court to execute documents necessary to complete the sale of marital property. *Buchanan v. Richards*, 962 A.2d 256, 2008 WL 4660377 (Del. 2008) (table decision). The appeal was dismissed on October 22, 2008 for plaintiff's failure to diligently prosecute the appeal by not paying the filing fee.

[16]Plaintiff alleges that Hume violated his rights throughout his criminal trial which commenced on September 22, 2008. The claim is not time-barred. Hume, however, is entitled to prosecutorial immunity for his acts while prosecuting the case. *See* n.9, *supra*.

[17]The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). An inmate's complaint is deemed filed as of the date it was delivered to prison officials for mailing to the court. *See also Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Plaintiff's complaint was signed on August 23, 2010. The court, therefore, concludes that plaintiff's complaint was filed on August 23, 2010, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

citizens, regardless of the relief sought. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

18. The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (not published) (citations omitted). Plaintiff's claim against the State has no arguable basis in law or in fact and, therefore, it is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

19. **Rooker-Feldman Doctrine**. Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[18] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); see *Power v. Department of Labor*, Civ. No. 02-169-GMS, 2002 WL 976001 (D. Del. May 3, 2002). It appears that many of the issues raised by plaintiff have been resolved by the Delaware state courts. See n.3, 4, 5, 6, 7, 11, 13, *supra*. The court further notes that plaintiff raised the same or similar claims in the United States Bankruptcy Court for the District of Delaware and this court. The *Rooker-Feldman* doctrine applies as this is a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic*

---

[18]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

*Indus. Corp.*, 544 U.S. 280 (2005). Allowing plaintiff's claims to proceed against defendants would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

20. Plaintiff couches his claims as violations of his constitutional rights pursuant to § 1983 and as violations of federal criminal law, but it is evident that he actually seeks review and rejection of Delaware state decisions. The claims fall under the purview of the *Rooker-Feldman* doctrine and, therefore, the court cannot exercise jurisdiction.

21. **Criminal Statutes**. Plaintiff refers to 18 U.S.C. §§ 242, 2214, 2235, 2236, and 2314 in an apparent attempt to raise claims under these criminal statutes. Individual citizens do not have a constitutional right to the prosecution of alleged criminals and, as a result, the criminal claims fail to state a cause of action under § 1983. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)). Accordingly, the claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

22. **Bankruptcy Statutes**. Finally, the complaint mentions bankruptcy statutes 11 U.S.C. § 362(a), (f), and (h) in an apparent attempt to raise claims under said statutes. Plaintiff has filed two bankruptcy appeals in this court: *In re Buchanan*, Civ. No. 09-366-SLR (D. Del. 2009) and *In re Buchanan*, Civ. No. 07-304-SLR (D. Del. 2007). Plaintiff had an opportunity to raise issues related to his bankruptcy in those

proceedings. He did not prevail in either of the appeals. The claims raised under the bankruptcy statutes are frivolous and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

23. **Conclusion.** For the above reasons, plaintiff's pending motions are denied as moot, and the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

24. Plaintiff has a pattern of bad faith litigation in the Delaware Supreme Court, the Chancery Court, the Superior Court, and the U.S. Bankruptcy Court for the District of Delaware and, on April 16, 2010, the Delaware Superior Court found that plaintiff had engaged in vexatious litigation. State v. Buchanan, ID Nos. 0801031784, 0803017116, 2010 WL 1529608 (Del. Super. Apr. 16, 2010). The Superior Court refused to accept papers or filings from plaintiff without prior approval of a judge except as necessary to appeal its decision to the Delaware Supreme Court. Plaintiff is placed on notice that, as a vexatious litigant, this court has the power to enjoin him from filing meritless pleadings that duplicate ones already adjudicated. 28 U.S.C. § 1651; See Matter of Packer Ave. Assoc., 884 F.2d 745, 747 (3d Cir. 1989); Yadav v. Surtees, 87 F. App'x 271 (3d Cir. 2004).

UNITED STATES DISTRICT JUDGE